UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAMID B. MOHAMMED,

v.                                    Case No. 8:03-cr-50-T-17EAJ
                                              8:04-cv-2648-T-17EAJ

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Mohammed's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. Doc. cv- 1; cr-118.  Mohammed has notified the Court of his change of address to Point Fortim, Trinidad, West Indies. Mohammed was incarcerated in the United States when he filed the present motion to vacate.

PROCEDURAL HISTORY

On February 5, 2003, a federal grand jury in Tampa, Florida, indicted Mohammed for illegally being "found . . . in" the United States after being deported for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(2) and (b)(2). Doc. cr-9. Following a federal trial held in the Middle District of Florida, the jury found Mohammed guilty as to the indictment on November 18, 2003. Doc. cr-60.

On February 20, 2004, this Court sentenced Mohammed to serve a total of 33 months' imprisonment, to be followed by three years of supervised release. Mohammed was ordered to pay a special assessment in the amount of $100.00. Doc. cr-69 (Judgment).

Mohammed directly appealed his final judgment to the United States Court of Appeals for the Eleventh Circuit on February 23, 2004. Doc. cr-70. On appeal, Mohammed raised the following issues: (A). Whether the district court abused its discretion in striking Mohammed's motion to suppress evidence, which was filed in violation of the court's local rules, or in precluding him from challenging at trial the lawfulness of his deportation proceeding, which is not an element of his offense; and, (B). Whether the district court erred in denying Mohammed's motion for a judgment of acquittal when the evidence supported the finding, beyond a reasonable doubt, that Mohammed had been deported from and thereafter had been found in the United States. (See the Government's Exhibit A [copy of Mohammed's appellate brief] and Exhibit B [the Government's brief on appeal]).

On October 29, 2004, the Eleventh Circuit Court of Appeals affirmed Mohammed's conviction in Appeal No. 04-10901. (See the Government's Exhibit C [copy of the appellate court's unpublished opinion]).

On December 8, 2004, Mohammed filed the present motion to vacate under 28 U.S.C. § 2255. Doc. cv-1. On that same date, this Court ordered the Government to respond to Mohammed's section 2255 motion. On December 27, 2004, the Government filed a motion requesting an extension of time in which to respond to Mohammed's section 2255 motion. Doc. cv-7. On December 28, 2004, this Court granted the Government's request and ordered the Government to respond to Mohammed's motion on or before February 2, 2005. Doc. cv-8. The Government filed its response on January 27, 2005, and Mohammed filed his reply on February 25, 2005.

DISCUSSION

A review of the record demonstrates that, for the following reasons, Mohammed's

2

motion to vacate must be **DENIED**.

Grounds One and Four -- Claims of Ineffective Assistance of Counsel

In Ground One, Mohammed claims that his counsel was ineffective because he failed to challenge the validity of the underlying deportation. In Ground Four, Mohammed claims that his counsel was ineffective because he failed to do his own legal research. These allegations lack merit.

Standard for Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Mohammed must establish deficient performance and resulting prejudice. The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984).   Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic,  466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.  Thus, if the defendant fails to show that he is prejudiced by the alleged errors of

3

counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)), cert. denied, 531 U.S. 1204 (2001). Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Strickland, 466 U.S. at 688. This burden of persuasion, though not insurmountable, is a heavy one. See Chandler, 218 F.3d at 1314 (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)).

"'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts must avoid second-guessing counsel's performance." Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689-90). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" Chandler, 218 F.3d at 1314 (quoting Darden v. Wainwright, 477 U.S. 168 (1986)).

4

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. See Chandler, 218 F.3d at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not ... that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." Id. Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." Id. Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." Chandler, 218 F.3d at 1315. For Mohammed to show deficient performance, Mohammed "must establish that no competent counsel would have taken the action that her counsel did take." Id. To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Chandler, 218 F.3d at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317.

### Ground One

Mohammed claims that his counsel was ineffective because he failed to challenge the validity of the underlying deportation. A thorough review of the record reveals that counsel made its Rule 29(a) and 29(b) motions for acquittal at the close of Government's case-in-chief. On November 18, 2003, counsel argued before this Court as follows:

THE COURT:      First of all, Mr. Panzica, at the conclusion of the Government's case in chief, what motions, if any, do you wish to make at the podium, sir?

MR. PANZICA:    Judge, I'd like to move for a judgment of acquittal based on the fact that the Government has failed to prove a prima facie case of illegal entry into the country.

THE COURT:      All right. What is your response Mr. Rudy? Itemizing what you have done.

MR. RUDY:           Your Honor, in the light most favorable to the Government, the United States has proved that Mohammed who was a citizen of Trinidad came into the United States via New York. He applied for permanent residency. It was granted. He had his residency revoked. He was deported - - excuse me, he was given a warning. He was given a warrant for deportation. He again became a citizen - - or still maintained citizenship of Trinidad. He was deported from the United States and that deportation was witnessed. And then Mohammed was then found in the United States knowingly on or about December 26, 2002, without having been given permission to reenter the United States. And he has been identified as the person who was deported, as the person who received the warning, and the person who was found in the United States as stated by Officer Van Heyst as the person that was here. And he also compared his fingerprint as the person that INS had deported. So in light most favorable to the Government, Your Honor, the United States would argue that Mohammed's motion for JOA should be denied and the evidence and the case should go to the jury.

. . .

THE COURT:          Well, considering this in the light most favorable the Court can to Mohammed, the motion is not well taken, and the motion is denied. And I incorporate by reference all the evidence that has come in in the case, both live witnesses and the tangible evidence that's been introduced by the Government.

Doc. cr-97 at 30-34 (Trial Transcript).

This Court denied counsel's motion for acquittal. The order of removal and the warrant of deportation, in conjunction with Agent Beebe's testimony concerning the events of April 21, 1999, was more than sufficient to establish that Mohammed had, in fact, been

deported and, therefore, that he had been "found in" Tampa as proscribed by 8 U.S.C. § 1326.  Mohammed has failed to establish that his counsel performed in a deficient manner and he is entitled to no relief as to this claim.

**Ground Four**

Mohammed contends that counsel was ineffective because he failed to do his own legal research. This allegation is vague and conclusory. Mohammed offers no information to substantiate his claim and the Government is unable to properly address it. Therefore, Mohammed is entitled to no relief as to this claim. Accordingly, based on his motion to vacate and the record now before this Court, Mohammed has not established any entitlement to relief based on ineffective assistance of counsel.  Grounds One and Four do not warrant relief.

Ground Two

Mohammed claims that the district court erred in denying judicial review of the deportation order. This claim is simply a re-wording of Mohammed's earlier appellate claim. Prior to trial, the Government moved *in limine* to preclude Mohammed from collaterally attacking at trial his deportation/removal hearing or from arguing to the jury that the hearing had been conducted improperly or illegally. Doc. cr-32. Mohammed responded to the motion, Doc. cr-55, and this Court granted the Government's motion just prior to trial, Doc. cr-96 at 16. Also, prior to trial, Mohammed moved pro se to suppress evidence, Doc. cr-35, and the Government moved to strike the motion because Mohammed was represented by counsel, Doc. cr-36. This Court struck the motion. Doc. cr-37. After being found guilty by a trial jury, Mohammed filed an appeal raising this issue with the Eleventh Circuit.

Therefore, Mohammed is not entitled to review of this claim because the Eleventh

Circuit already rejected the claim. "Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)); see also Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995) (section 2255 motion is "neither a recapitulation of nor a substitute" for direct appeal; absent changed circumstances of fact or law, court will not reconsider an issue already decided on direct appeal).

Because the lawfulness of the deportation proceeding was not a matter for the jury, any evidence concerning the asserted impropriety or unlawfulness of proceeding was irrelevant to the jury's determination of Mohammed's guilt or innocence under 8 U.S.C. § 1326. Accordingly, this Court did not abuse its discretion and Mohammed is entitled to no relief as to this claim.  Ground Two does not warrant relief.

Ground Three

Mohammed claims that two federal law enforcement officers provided false testimony which affected the jury's decision.  Mohammed is not entitled to relief on this claim because he has procedurally defaulted this the claim. His allegation that two federal law enforcement officers provided false testimony which affected the jury's decision should have been raised on direct appeal. Ordinarily, claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. See Bousley v. United States, 523 U.S. 614, 622-24 (1998); United States v. Frady, 456 U.S. 152, 166 (1982); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001), cert. denied, 122 S.Ct. 2362 (2003).

When a defendant raises a constitutional claim on collateral review that he failed to

raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and actual prejudice resulting from the error to excuse both defaults. McCoy, 266 F.3d at 1258-59. To show cause for not raising a claim in an earlier proceeding, Mohammed must show "some external impediment preventing counsel from constructing or raising the claim." See High v. Head, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting McCleskey v. Zant, 499 U.S. 467, 497 (1991)). To establish prejudice, Mohammed must prove that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." See Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotations omitted). This is a heavier burden than the burden of establishing plain error on appeal. See Frady, 456 U.S. at 164.

The futility of raising a claim does not constitute sufficient cause to excuse the default. Bousley, 523 U.S. at 623; Jones v. United States, 153 F.3d 1305, 1307-08 (11th Cir. 1998). Mohammed cannot meet this burden. The testimony that was provided by Agent Beebe and Agent Guardiola was available to him before his sentencing proceeding, and Mohammed has not alleged any reason to excuse his failure to raise this claim on direct appeal. Moreover, the evidence, coupled with the order of removal and the warrant of deportation, was more than sufficient to establish that Mohammed had been deported.

Mohammed cannot establish any prejudice. See United States v. Landeros-Mendez, 206 F.3d 1354, 1358 (10th Cir. 2000) (warrant of deportation for defendant and testimony of agents concerning defendant's physical expulsion from United States sufficient evidence of defendant's deportation). As discussed above, these claims are barred due to procedural default and prior resolution. Even absent default and prior resolution, however, his claims are without merit and entitle Mohammed to no relief for the reasons discussed previously.

Ground Three does not warrant relief.

Accordingly, the Court orders:

That Mohammed's motion to vacate (Doc. cv-1; cr-118) is denied, with prejudice.

The Clerk is directed to enter judgment against Mohammed in the civil case and to close

that case.

ORDERED in Tampa, Florida, on December 20, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  John F. Rudy, III

Hamid B. Mohammed